UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>JUAN CARLOS AGUILAR-FARIAS,<br><br>                Defendant. | No.  13-MJ-0245 SKO<br><br>**DETENTION ORDER** |

A.  Order For Detention
   After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (i).

B.  Statement Of Reasons For The Detention
   The Court orders the defendant's detention because it finds:
   [X]  By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.
   [X]  By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

C.  Findings of Fact
   The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:
   [X]  (1) Nature and Circumstances of the offense charged:
      [X]  (a) The crime, Conspiracy to Distribute Methamphetamine, is a serious crime and carries a maximum penalty of life
      [ ]  (b) The offense is a crime of violence.
      [ ]  (c) The offense involves a narcotic drug.
      [ ]  (d) The offense involves a large amount of controlled substances.
   [X]  (2) The weight of the evidence against the defendant is high.
   [ ]  (3) The history and characteristics of the defendant including:
      (a)  General Factors:
         [ ]  The defendant appears to have a mental condition which may affect whether the defendant will appear.
         [ ]  The defendant has no known family ties in the area.
         [ ]  The defendant has no known steady employment.
         [ ]  The defendant has no known substantial financial resources.
         [ ]  The defendant is not a long time resident of the community.
         [ ]  The defendant does not have any known significant community ties.
         [ ]  Past conduct of the defendant :
         [ ]  The defendant has a history relating to drug abuse.
         [ ]  The defendant has a significant prior criminal record.

☐ The defendant has a prior record of failure to appear at court proceedings.
(b) Whether the defendant was on probation, parole, or release by a court;
 At the time of the current arrest, the defendant was on:
 ☐ Probation
 ☐ Parole
 ☐ Release pending trial, sentence, appeal or completion of sentence.
(c) Other Factors:
 ☒ The defendant is an illegal alien and is subject to deportation.
 ☐ The defendant is a legal alien and will be subject to deportation if convicted.
 ☐ Other:
(4) The nature and seriousness of the danger posed by the defendant's release are as follows:
(5) Rebuttable Presumptions
In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

☒ a. The crime charged is one described in § 3142(f)(1).
 ☐ (A) a crime of violence; or
 ☒ (B) an offense for which the maximum penalty is life imprisonment or death; or
 ☒ (C) a controlled substance violation that has a maximum penalty of ten years or more; or
 ☐ (D) A felony after the defendant had been convicted of two or more prior offenses described in (A) through (C) above, and the defendant has a prior conviction of one of the crimes mentioned in (A) through (C) above which is less than five years old and which was committed while the defendant was on pretrial release

☐ b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
 ☐ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
 ☐ the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
 ☐ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
 ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
 ☐ an offense involving a minor under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

D. <u>Additional Directives</u>
Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

 The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

 The defendant be afforded reasonable opportunity for private consultation with counsel; and

 That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

Dated: **November 26, 2013**  /s/ *Barbara A. McAuliffe*
             UNITED STATES MAGISTRATE JUDGE